IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

```
OREGON INVESTORS, a California )
General Partnership,           )
                               )
           Plaintiff,          )
                               )    No.  CV-08-1252-HU
     v.                        )
                               )
JON M. HARDER, an individual,  )
DARRYL E. FISHER, an indi-     )
vidual, and KING'S MANOR       )    OPINION & ORDER
OREGON, LLC, an Oregon Limited )
Liability Company,             )
                               )
           Defendants.         )
_____)
```

R. Scott Whipple
WHIPPLE & DUYCK, P.C.
1500 S.W. First Avenue, Suite 883
Portland, Oregon 97201

    Attorney for Plaintiff

James Streinz
MCEWEN GISVOLD, LLP
1100 S.W. Sixth Avenue, Suite 1600
Portland, Oregon 97204

    Attorney for Defendants Harder and Fisher

BROWN, District Judge:

    Plaintiff Oregon Investors, a California General Partnership, brings this breach of contract and fraud action against defendants

1 - OPINION & ORDER

Jon Harder, Darryl Fisher, and King's Manor Oregon, LLC. Plaintiff moves for summary judgment on the breach of contract claim, and moves for default judgment on both the contract and fraud claims as to King's Manor Oregon. The case has been stayed with regard to Harder due to his bankruptcy filing on December 31, 2008. With that one exception, I grant the motions.

## BACKGROUND

Pursuant to Local Rule 56.1(f), the facts asserted by plaintiff in its summary judgment motion, and supported by the Declaration of Edward Pierce, are deemed admitted by Fisher and King's Manor Oregon because those defendants failed to respond to those asserted facts. Additionally, an Order of Default against King's Manor Oregon was entered on January 8, 2009. Thus, the well-pleaded factual allegations in the Complaint regarding that defendant's liability are also deemed true. Fair Housing of Marin v. Combs, 285 F.3d 899, 906 (9th Cir. 2002). The facts recited here are therefore deemed admitted either by the Order of Default or by defendants' failure to respond to the summary judgment motion, or both in the case of King's Manor Oregon.

Oregon Investors is a group of individuals who formed their partnership for the specific purpose of lending $500,000 to Harder, Fisher, and King's Manor Oregon. Waldman Management Group, Inc. is the general partner of Oregon Investors. Pierce is a Vice President and Chief Operating Officer of Waldman.

Harder is the Manager of King's Manor Oregon. Harder's company Sunwest Management, has created multiple single purpose limited liability companies that buy or build one assisted living facility, which Sunwest then manages.

2 - OPINION & ORDER

1    In discussing a loan by Oregon Investors to defendants, Pierce
2 made it clear that Oregon Investors would not lend any money
3 without sufficient collateral.  Oregon Investors requested that
4 defendants pledge to Oregon Investors the future payments to be
5 received by King's Manor Oregon from defendants' fifty-percent
6 membership interest in King's Manor Washington, LLC, a Washington
7 limited liability company.

8    On October 31, 2002, the parties executed the "Installment
9 Promissory Note" ("the Note"), under which Oregon Investors agreed
10 to lend Harder, Fisher, and King's Manor Oregon, $500,000, and
11 under which defendants agreed to pledge their interests in future
12 payments from their interests in King's Manor Washington as
13 requested.  The terms of the Note, attached as Exhibit B to
14 Pierce's Declaration, require defendants to pay $500,000 to Oregon
15 Investors with twelve-percent interest accruing from October 31,
16 2002, until paid.  Exh. B to Pierce Declr.

17    The interest was payable on the first of each month beginning
18 December 1, 2002, until November 1, 2004.  Id.  The balance of the
19 principal and accrued interest were due on December 1, 2004.  Id.
20 As security, defendants pledged "the future payment to be received
21 by [King's Manor Oregon] for its 50% interest in King's Manor, LLC,
22 a Washington limited liability company, and hereby certify that no
23 pledge has heretofore been made of such collateral."  Id.
24 Defendants also agreed to make no distributions of cash or property
25 to any of its members so long as any principal or interest remained
26 unpaid on the note.  Id.

27    If any installment was not paid, all principal and interest
28 was to become immediately due and collectible at the option of the

3 - OPINION & ORDER

holder of the note.  Id.  Defendants waived "presentment, protest, demand, notice of dishonor or default and notice of any kind with respect to this note."  Id.  Defendants agreed to pay reasonable attorney's fees and collection costs if the note were placed in the hands of an attorney for collection.  Id.

Based on the terms of the Note, Oregon Investors lent $500,000 to defendants in October 2002.  By oral agreement, the parties agreed to an extension of the Note, and in a March 2008 written agreement, the due date on the Note was extended to December 1, 2008 ("the Extension Agreement").  Exh. A to Pierce Declr. Defendants made the required monthly payments through June 2008. As of November 20, 2008, when plaintiff filed its summary judgment motion, defendants had failed to make any of the required monthly payments since July 2008.

Although defendants waived notice, on August 6, 2008, Pierce personally delivered a letter to Harder informing Harder that Harder, Fisher, and King's Manor Oregon were in default on the loan and that Oregon Investors was declaring the Note fully due and payable.  Exh. C to Pierce's Declr.  Harder acknowledged that he was in default on the loan.  Id.

Later in August, Pierce personally provided a copy of the written notice to Wallace Gutzler, King's Manor Oregon's registered agent, and to Thomas Wettlaufer, both of whom are legal counsel for Sunwest.  Both acknowledged receipt of the letter, and acknowledged that the defendants were in default on the note.

Although the summary judgment motion was filed before the December 1, 2008 payoff date of the Note, counsel informed the Court during a January 7, 2009 telephone hearing, that the full

4 - OPINION & ORDER

payment, due December 1, 2008, had not been made.

Finally, Harder filed for bankruptcy on December 31, 2008, and a notice of automatic stay was filed in this Court on January 12, 2009.

## SUMMARY JUDGMENT STANDARDS

Summary judgment is appropriate if there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c). The moving party bears the initial responsibility of informing the court of the basis of its motion, and identifying those portions of "'pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any,' which it believes demonstrate the absence of a genuine issue of material fact." Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986) (quoting Fed. R. Civ. P. 56(c)).

"If the moving party meets its initial burden of showing 'the absence of a material and triable issue of fact,' 'the burden then moves to the opposing party, who must present significant probative evidence tending to support its claim or defense.'" Intel Corp. v. Hartford Accident & Indem. Co., 952 F.2d 1551, 1558 (9th Cir. 1991) (quoting Richards v. Neilsen Freight Lines, 810 F.2d 898, 902 (9th Cir. 1987)). The nonmoving party must go beyond the pleadings and designate facts showing an issue for trial. Celotex, 477 U.S. at 322-23.

The substantive law governing a claim determines whether a fact is material. T.W. Elec. Serv. v. Pacific Elec. Contractors Ass'n, 809 F.2d 626, 630 (9th Cir. 1987). All reasonable doubts as to the existence of a genuine issue of fact must be resolved against the moving party. Matsushita Elec. Indus. Co. v. Zenith

5 - OPINION & ORDER

Radio, 475 U.S. 574, 587 (1986). The court should view inferences drawn from the facts in the light most favorable to the nonmoving party. T.W. Elec. Serv., 809 F.2d at 630-31.

If the factual context makes the nonmoving party's claim as to the existence of a material issue of fact implausible, that party must come forward with more persuasive evidence to support his claim than would otherwise be necessary. Id.; In re Agricultural Research and Tech. Group, 916 F.2d 528, 534 (9th Cir. 1990); California Architectural Bldg. Prod., Inc. v. Franciscan Ceramics, Inc., 818 F.2d 1466, 1468 (9th Cir. 1987).

## DISCUSSION

The record establishes that Fisher and King's Manor Oregon, LLC breached their contract with Oregon Investors when they failed to make any interest payments after June 2008. At that point, under the terms of the Note, all principal and interest was immediately due and collectible at plaintiff's option. Pierce's letter, personally delivered to Harder, with copies later distributed to King's Manor Oregon's registered agent, clearly communicated that Oregon Investors chose to call the full, unpaid balance of the Note immediately due and payable. Moreover, payment of the principal balance of the Note has not been paid. Fisher and King's Manor Oregon are in default on the Note. As such, Oregon Investors is entitled to summary judgment on the breach of contract claim as to Fisher and King's Manor Oregon on the balance of the Note and the missed interest payments. The motion as to Harder is stayed as a result of the bankruptcy.

As for the default judgment motion, the same reasoning supporting summary judgment on the breach of contract claim

6 - OPINION & ORDER

supports a default judgment on that claim as to King's Manor Oregon. As recited in the Complaint, and deemed true as a result of the Order of Default, King's Manor Oregon knew, at the time the Extension Agreement was signed, that defendants, and entities for which they were responsible, had tens of millions of dollars of outstanding debts. King's Manor Oregon was also aware at that time that it would be unable to make payments as required by the Note. King's Manor Oregon knew then that the proceeds of the Note would be used for projects unrelated to King's Manor Oregon, King's Manor Washington, or the residential care facility in Tacoma, Washington which is King Manor Washington's sole asset.

King's Manor Oregon concealed the status of its financial position from Oregon Investors. King's Manor Oregon knew it was providing a false impression to Oregon Investors and intended that Oregon Investors act in accordance with that false impression. Oregon Investors reasonably relied on King's Manor Oregon, was unaware of King's Manor Oregon's financial difficulties, and thus, did not take steps to secure payment on the loan and instead, relied on the value of the security pledge and prohibition against distributions to execute the Extension Agreement. As a result, Oregon Investors suffered damages.

Based on these facts, plaintiff demonstrates that it is entitled to judgment on the fraud claim as well as the breach of contract claim as to King's Manor Oregon. In the Complaint, plaintiff seeks identical damages for both claims as follows: (1) an order in plaintiff's favor that payments due to King's Manor Oregon, LLC for its 50% interest in King's Manor Washington, be vested in Oregon Investors as required by the terms of the Note;

7 - OPINION & ORDER

(2) an order prohibiting any distributions be made to defendants from King's Manor Oregon; (3) a judgment against defendants, jointly and severally, awarding Oregon Investors the $500,000 principal balance on the Note, plus unpaid interest through the date defendants make payment in full of the Note; and (4) a judgment in favor of Oregon Investors for its reasonable attorney's fees.

Plaintiff seeks these same damages in its motion for default judgment against King's Manor Oregon, LLC. Other than as to Harder, against whom this action is stayed, the requested damages are supported by the record. As there are no unliquidated damages requested, no further evidence is necessary before entry of judgment.

## CONCLUSION

Plaintiff's motion for partial summary judgment (#11) on the breach of contract claim is granted as to Fisher and King's Manor Oregon, LLC. The motion is stayed as to Harder. Plaintiff's motion for default judgment (#16) is granted. A separate Judgment will be entered.

IT IS SO ORDERED.

Dated this __14th__ day of __January__, 2009.


　　　　　　　　　　　　　　/s/ Anna J. Brown
　　　　　　　　　　　　　　Anna J. Brown
　　　　　　　　　　　　　　United States District Judge

8 - OPINION & ORDER