IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

```
OREGON INVESTORS, a California    )
general partnership,              )
                                  )
              Plaintiff,          )
                                  )  Civil No. 08-1252-HU
                                  )
     v.                           )
                                  )  ORDER
                                  )
                                  )
JON M. HARDER, an individual,     )
DARRYL E. FISHER, an individual,  )
and KING'S MANOR OREGON, LLC, an  )
Oregon limited liability          )
company,                          )
                                  )
              Defendants.         )
_____)
```

     Magistrate Judge Dennis Hubel filed Findings and Recommendation on June 4, 2010 in the above entitled case. The matter is now before me pursuant to 28 U.S.C. § 636(b)(1)(B) and Fed. R. Civ. P. 72(b). While no objections have been filed, relieving this court of the obligation to give the factual

1    - ORDER

findings a *de novo* review, I decline to adopt the Findings and Recommendation.

This action has previously been stayed as to defendant Jon Harder due his bankruptcy filing. However, an award of fees against defendants Darryl Fisher and King's Manor, LLC would violate the injunctive relief granted in <u>SEC v. Sunwest Management, Inc., et al.,</u> Civil No. 09-6056-HO.

On May 27, 2009, this court entered an order in the <u>SEC</u> case in which it noted that relief defendants in that suit, including Darryl Fisher, stipulated and agreed to an asset freeze of their assets to provide for the ability of this court to grant final effective relief in equity and at law. To that end, the court ordered that

> No creditor of, investor in or claimant against any of the ... individual Relief Defendants or their assets, or any person acting on behalf of any such creditor, investor or claimant, shall take any action to interfere with or harass ... the individual Relief Defendants or any of their assets, including but not limited to, pursuing, noticing, or otherwise commencing, or concluding a foreclosure sale, or the filing of any lawsuits, liens, garnishments, or encumbrances or bankruptcy cases to impact ... any of the assets subject to this order without further order of this Court.

Pursuant to the above injunction, this action against Darryl Fisher is stayed and the motion for an award of attorney fees (#25) against him is denied without prejudice. Similarly, on March 9, 2009, this court ordered:

2    - ORDER

that no creditor of or claimant against any of the Receivership Entities, or any person acting on behalf of such creditor or claimant, shall take any action to interfere with the Receiver's or CRO's control, possession, or management of the Receivership Entities or any of their assets, including, but not limited to, the filing of any lawsuits, liens or encumbrances or bankruptcy cases to impact the Receivership Entities or any of their assets without further order of this Court. Without limiting the scope of the preceding sentence, no person or entity, including any creditor or claimant against any of the Defendants, or any person acting on behalf of such creditor or claimant, shall take any action to terminate any management contract between Sunwest and any of the Receivership Entities.

Exhibit A to the preliminary injunction lists King's Manor Oregon, LLC as a receivership entity. Accordingly, this action against King's Manor LLC is stayed and the motion for an award of attorney fees (#25) against it is denied without prejudice.

DATED this __10th__ day of _____August_____, 2010.

                                                          __s/ Michael R. Hogan__
                                                        UNITED STATES DISTRICT JUDGE

3   - ORDER